# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA STICKLER,<br><br>                              Plaintiff,<br>    v.<br><br>SAN DIEGO POLICE DEPT.,<br><br>                            Defendant. | Case No. 12cv383 BTM(NLS)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM; AND DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

On February 13, 2012, Plaintiff filed a Complaint in addition to a Motion to Proceed In Forma Pauperis ("IFP Motion") and a Request for Appointment of Counsel. For the reasons discussed below, the IFP Motion is granted, the Complaint is dismissed with leave to amend, and the Request for Appointment of Counsel is denied without prejudice.

## DISCUSSION

I. <u>Motion to Proceed IFP</u>

Upon review of Plaintiff's affidavit in support of her IFP Motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the filing fees required to prosecute this action. Accordingly, Plaintiff's IFP Motion is **GRANTED**.

II. <u>Failure to State a Claim</u>

Although the Court will allow Plaintiff to proceed IFP, Plaintiff's Complaint must be dismissed for failure to state a claim. The Court is under a continuing duty to dismiss an IFP case whenever the Court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's Complaint consists of the following three sentences: "San Diego State Police arrested me without Miranda rights took me to county mental health. Also handcuffed me while I was sleeping. Both Janice Thompson & Robert Light threatened to take me there to county mental health."

Plaintiff does not state what legal claim she wishes to assert – e.g., false arrest, excessive force, or tort. Therefore, Plaintiff's complaint fails to state a claim.

However, the Court will grant Plaintiff leave to file an amended complaint. The amended complaint should include a short and plain statement of the grounds for this Court's jurisdiction, a short and plain statement of the legal claim(s) being asserted, and a demand for judgment for the relief sought. Fed. R. Civ. P. 8(a). With respect to the legal claims, Plaintiff should specify who did what, when the events occurred, and how Plaintiff was harmed by the alleged wrongful conduct.

Regarding the form of the amended complaint, Plaintiff must abide by Rule 10 of the Federal Rules of Civil Procedure. Among other things, Rule 10 requires that a party "state its claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

III. Request for Appointment of Counsel

Plaintiff has filed a Request for Appointment of Counsel. Plaintiff used the form for appointment of counsel under 42 U.S.C. § 2000e-5(f)(1), but it does not appear that this is a Title VII case.

There is no right to counsel in civil cases, and district courts may appoint counsel only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." Id.

At this point in time, the Court cannot say that there is any likelihood of success on

1  the merits. Therefore, the Court **DENIES** without prejudice Plaintiff's Motion for Appointment
2  of Counsel.
3
4  **CONCLUSION**
5  Plaintiff's Motion to Proceed IFP is **GRANTED**. However, Plaintiff's Complaint is
6  **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.
7  Plaintiff may file a First Amended Complaint on or before **August 20, 2012**. If Plaintiff fails
8  to do so, the Court shall close this case. Plaintiff's request for appointment of counsel is
9  **DENIED WITHOUT PREJUDICE**.
10 **IT IS SO ORDERED.**
11 DATED:  July 11, 2012
12
13 BARRY TED MOSKOWITZ, Chief Judge
   United States District Court